## McMICHAEL v. MURPHY.

ERROR TO, AND APPEAL FROM, THE SUPREME COURT OF THE
TERRITORY OF OKLAHOMA.

No. 166.　Submitted March 7, 1905.—Decided April 3, 1905.

A settlement or entry on public land already covered of record by another entry, valid upon its face, does not give a second entryman any right in the land notwithstanding the first entry may subsequently be relinquished or ascertained to be invalid by reason of facts *dehors* the record of such entry; and one first entering after the relinquishment or cancellation has priority over one attempting to enter prior to such relinquishment or cancellation.

It is the duty of this court in the absence of cogent reasons therefor, not to overrule the construction of a statute upon which the Land Department has uniformly proceeded in its administration of the public lands.

THE facts in this case may be summarized as follows:

On April 23, April 24 and May 1, 1889, White, Blanchard and Cook, respectively and in the order named, applied, at the United States Land Office in Guthrie, Oklahoma Territory, to make a homestead entry on certain lands, being part of the Southwest ¼ of Section 27, Township 12, north of range 3 west. The applications of Blanchard and Cook were each rejected, as being in conflict with White's entry. On April 27, 1889, Blanchard filed his affidavit of contest, charging that White entered the Territory prior to twelve o'clock noon of April 22, 1889, in violation of the act of Congress approved March 2, 1889, 25 Stat. 980, 1004, c. 412, and the President's Proclamation issued under that act. 26 Stat. 1544. On May 1, 1889, Cook also filed an affidavit of contest against White, alleging the latter's disqualification as above stated, to enter the land, and also that Blanchard was also disqualified upon the same grounds as those alleged in reference to White.

The contest having been tried before the local land office—each party charging that the other two had entered the Terri-

tory prior to noon of April 22, 1889,—the Register and Receiver recommended the cancellation of White's entry, and dismissed the contest of both Blanchard and Cook. From this decision all parties appealed to the Commissioner of the General Land Office, and on March 7, 1890, the decision of the local office was affirmed. An appeal was then taken to the Secretary of the Interior. While the case was pending before that officer, namely, on November 29, 1890, White relinquished of record his entry, and Murphy, the defendant, on the same day, entered the land. The Secretary of the Interior, July 21, 1891, affirmed the decision of the Commissioner of the General Land Office. *Blanchard* v. *White*, 13 L. D. 66.

On or about June 3, 1889, White's homestead entry *being still intact, of record,* McMichael entered upon the land with a view of establishing his residence thereon and initiating a homestead right to it; and on July 21, 1889, he made application to the local office to enter the land, tendering the required fees; but his application was rejected by the local office as being in conflict with White's entry. From that order no appeal was taken.

On August 31, 1889, McMichael again tendered his application to the local office with the required fees. That application was received, but it was suspended pending the contest of White, Blanchard and Cook. On the day last named McMichael filed a contest or protest, alleging that he had made settlement on the land on June 3, 1889, had lived there in a tent with his family until August 2, 1889, when, at the instance of White, he was forcibly removed therefrom by the military authorities; that his rights were superior to those of White, Blanchard and Cook, all of whom, he alleged, were disqualified by reason of having entered the Territory during the period prohibited by law; that his application of June 3, was rejected because it conflicted with White's interests, although he was the only qualified settler on the tract entitled to make entry. The case, as between McMichael and Murphy, having been heard on February 15, 1892, a decision was rendered in favor

of the latter. Thereupon McMichael appealed to the General Land Office which, on January 18, 1893, affirmed the decision of the local office. He then appealed to the Secretary of the Interior, and that officer, on February 25, 1895, affirmed the decision of the Land Office. *McMichael* v. *Murphy*, 20 L. D. 147.

A patent was issued to Murphy for the land; whereupon the present action was brought in the District Court of Oklahoma County by McMichael against Murphy and his grantees, the relief asked being a decree declaring the legal title to be held in trust for the use and benefit of McMichael. Murphy demurred on the ground that the petition did not state facts sufficient to constitute a cause of action—McMichael's claim being that the Secretary of the Interior had misconstrued and misapplied the law. The demurrer was sustained, and the plaintiff having elected to stand on his petition the court dismissed the case. From that decree the plaintiff brings the case here for review.

After the cause was entered in the Supreme Court of the Territory McMichael died and the cause was revived in the name of his heirs.

*Mr. Joseph K. McCammon, Mr. James H. Hayden* and *Mr. Frank Clark* for plaintiffs in error and appellants:

By his settlement and residence upon the land in dispute the plaintiff McMichael acquired preferential rights therein, and his applications to enter the said land were entitled to priority over the application of the defendant Murphy.

McMichael's settlement occurred without resistance or objection and his presence on the land was not unlawful and gave rise to preferential rights if the pending entries were all rejected. He knew of the contest and while he made no effort to enter the land while it was pending he did enter it as soon as he knew they were all disqualified. *Marks* v. *Bray*, 1 L. D. 434; *Banks* v. *Smith*, 2 L. D. 44; *Ward* v. *Gann*, 2 L. D. 630; *Meiszner's Case*, 8 L. D. 227.

In spite of his forcible ejectment McMichael never relinquished the actual possession of part of the land, and never ceased to claim that he was entitled to acquire the whole of it as a homestead. Under these circumstances he was, in contemplation of law, in possession of and a settler upon the land from May 28, 1889, continuously throughout the period covered by the transactions described in his petition. His temporary absence from part of the land, wrongfully compelled by military force and induced by intimidation, did not break the continuity of his residence. *Dorgan* v. *Pitt,* 6 L. D. 616; *Pfister* v. *Boyer,* 19 L. D. 178; *Arnold* v. *Cooly,* 10 L. D. 551; *Smith* v. *Place,* 13 L. D. 214; *Reedhead* v. *Hauenstine,* 15 L. D. 554; *Kinman* v. *Appleby,* 32 L. D. 526.

There was no abandonment by McMichael of any rights that he had gained. McMichael gained the right to enter and acquire the land, and of that right was wrongfully deprived. *Moss* v. *Dowman,* 176 U. S. 413; *Bohall* v. *Dilla,* 114 U. S. 47; *Quimby* v. *Conlan,* 104 U. S. 420; *Stone* v. *Cowles,* 14 L. D. 90; *Hunter* v. *Blodgett,* 20 L. D, 452.

By his contest filed August 31, 1889, by which he attacked the entry of the defendant White and the claims of Blanchard, the plaintiff McMichael acquired preferential rights, and both his application to enter the land in dispute, made at that time and the one made by him on December 4, 1890, were entitled to priority over the application of the defendant Murphy. Section 2, act of May 14, 1880; *Hodges* v. *Colcord,* 193 U. S. 192, distinguished; and see *McClung* v. *Penny,* 189 U. S. 143.

The several frauds, conspiracies, perjuries and other unlawful transactions by which the defendant Murphy secured the legal title to the land in dispute and prevented the plaintiff, McMichael, from securing the same rendered Murphy's title void as against McMichael. All of the defendants, having been either parties to these unlawful transactions, or privy thereto, must be regarded as having taken, and as holding the legal title, as trustees for, and should be compelled to convey the said land to, the heirs of McMichael.

Under the circumstances McMichael's remedy was by petition to a court of equity for the securing and protection of his rights, which were not cognizable by a court of law. He was entitled to have it adjudged that Murphy and his grantees took title as trustees for him; to a decree compelling the defendants to convey the land to him, and to an injunction restraining the execution of the judgments of ejectment. *Johnson v. Towsley,* 13 Wall. 72; *Moore* v. *Robbins,* 96 U. S. 513; *Warren* v. *Van Brunt,* 19 Wall. 646; *Re Emblen,* 161 U. S. 52; *Starke* v. *Storrs,* 6 Wall. 402; *Lytle* v. *Arkansas,* 22 How. 193; *Garland* v. *Wynne,* 20 How. 6; *Lindsey* v. *Hawes,* 2 Black, 554; *Brush* v. *Ware,* 15 Pet. 93; *Bodley* v. *Taylor,* 5 Cranch, 191; *Polk* v. *Wendell,* 5 Wheat. 293; *United States* v. *Maxwell,* 121 U. S. 325; *Sanford* v. *Sanford,* 139 U. S. 642.

Frauds, such as those, specifically disclosed, by the petition, vitiate all transactions based thereon and destroy any asserted title to property, no matter in what form the evidence of such title may exist, even though the same be a patent issued by the United States. *United States* v. *Steenerson,* 50 Fed. Rep. 507; *American Mortgage Co.* v. *Hoffer,* 64 Fed. Rep. 558; *United States* v. *Minor,* 114 U. S. 233.

The demurrer to the petition should have been overruled by the District Court of Oklahoma County.

The defense of *res adjudicata* cannot be considered here. On plaintiff's motion defendant's first ground of demurrer was stricken out, and the defendants neither noted an objection nor did they take a cross appeal. The propriety of that ruling was not questioned in the court below. It cannot be questioned here. *Morril* v. *Jones,* 106 U. S. 466, 467; *McLaughlin* v. *Bank,* 7 How. 220; *Fashnacht* v. *Frank,* 23 Wall. 416; *Bradstreet* v. *Potter,* 16 Pet. 317, 318. Again, the defense of *res adjudicata* cannot be raised by demurrer, but only by plea or answer. Statutes of Oklahoma, 1893, §§ 3967, 3969; 9 Am. & Eng. Pleading & Practice, 611.

The judgments obtained by Murphy and White did not deal with the subject matter of this controversy and can have no

effect upon it. 2 Black on Judgments, 693; *Apsden* v. *Nixon,* 4 How. 467. Where a judgment awards remedies in excess of those called for by the verdict it is void. Statutes, Oklahoma, 1893, § 4300; *Everett* v. *Aikens,* 8 Oklahoma, 184; *Commissioners* v. *Moon,* 8 Oklahoma, 205; *Kidd* v. *Territory,* 9 Oklahoma, 450.

*Mr. J. H. Everest* for defendants in error:

The facts as found by the Secretary in the proceeding before the Interior Department are final, conclusive and binding upon the parties, and the courts will not undertake to retry such questions of fact. *Lee* v. *Johnson,* 116 U. S. 48; *Johnson* v. *Towsley,* 13 Wall. 72; *Marquez* v. *Frisbie,* 101 U. S. 473; *Quinby* v. *Conlan,* 104 U. S. 420; *Baldwin* v. *Starks,* 107 U. S. 463.

A homestead entry once made upon public land of the United States under the provisions of sections 2289 and 2290 of the Revised Statutes of the United States segregates such lands until finally cancelled, except as the act of March 2, 1889, operates to change the ordinary rule. *Chotard* v. *Pope,* 12 Wheat. 586; *Wilcox* v. *Jackson,* 13 Pet. 498; *Carroll* v. *Safford,* 3 How. 441; *Witherspoon* v. *Duncan,* 4 Wall. 210; *Pacific R. R. Co.* v. *Dunemeyer,* 113 U. S. 629; *Hasting &c. R. R. Co.* v. *Whitney,* 132 U. S. 357; *Sturr* v. *Beck,* 133 U. S. 541; *Sioux City &c. R. R. Co.* v. *Griffey,* 143 U. S. 40; *Whitney* v. *Taylor,* 158 U. S. 65. The Land Department has repeatedly held that a homestead entry *prima facie* valid segregates the tract of land therein described, until such entry is cancelled, either by relinquishment or by the Government. *Graham* v. *Hastings & D. R. R. Co.,* 1 L. D. 362; *Whitney* v. *Maxwell,* 2 L. D. 98; *Seary* v. *Manuel,* 12 L. D. 345; *Vidal* v. *Bennis,* 22 L. D. 124; *Cowles* v. *Huff,* 24 L. D. 31. And see *Hodges* v. *Colcord,* 193 U. S. 191, citing and approving the decision of the Secretary in *McMichael* v. *Murphy,* which appellants attack by this proceeding.

One who makes settlement on a tract of land while it is

covered by the homestead entry of another, is a mere intruder, a naked, unlawful trespasser, and no right either in law or equity can be founded thereon. *Atherton* v. *Fowler*, 96 U. S. 513, 520; *Hosmer* v. *Wallace*, 97 U. S. 575; *Quinby* v. *Conlan*, 104 U. S. 420, 427; *Hudson* v. *Docking*, 4 L. D. 501; *Turner* v. *Bumgardner*, 5 L. D. 377; *Dutcher* v. *Tillinghast*, 13 L. D. 209; *Lewis* v. *Nuckolls*, 18 L. D. 326; *Tustin* v. *Adams*, 22 L. D. 266.

To entitle a party to relief in equity against a patent of the Government, he must show a better right to the land than the patentee. It must appear by the law properly administered, that title should have been awarded to the claimant. *Sparks* v. *Pierce*, 115 U. S. 408; *Bohall* v. *Dilla*, 114 U. S. 47; *Lee* v. *Johnson*, 116 U. S. 48.

The filing of a contest confers no vested interest in the land involved. *Parker* v. *Lynch*, 56 Pac. Rep. 1081; *Emblen* v. *Lincoln L. Co. et al.*, 184 U. S. 661, 663.

Mr. Justice Harlan, after making the foregoing statement, delivered the opinion of the court.

The particular question involved in this case is whether a settlement or entry on public land already covered of record by another entry, valid upon its face, gives the second entryman any right in the land, notwithstanding the first entry may subsequently be relinquished or be ascertained to be invalid by reason of facts dehors the record of such entry.

By virtue of the authority vested in him by acts of Congress, particularly by the Indian Appropriation act of March 2, 1889, 25 Stat. 1004, c. 412, the President by Proclamation dated March 23, 1889, declared that certain lands theretofore obtained from Indians (among which were those in dispute) would "at and after the hour of twelve o'clock, noon, of the twenty-second day of April next, and not before, be open for settlement, under the terms of, and subject to, all the conditions, limitations and restrictions" contained in the above act and in the laws of the United States applicable thereto. 26

Stat. 1544. That Proclamation contains the following clause: "Warning is hereby again expressly given, that no person entering upon and occupying said lands before said hour of twelve o'clock, noon, of the twenty-second day of April, A. D. eighteen hundred and eighty-nine, hereinbefore fixed, will ever be permitted to enter any of said lands or acquire any rights thereto; and that the officers of the United States will be required to strictly enforce the provision of the act of Congress to the above effect." 26 Stat. 1544, 1546.

It may be assumed, for the purpose of this case, that White entered the Territory and occupied the land before noon of April 22, 1889, in violation of the act of Congress and the Proclamation of the President. But his entry did not, on its face or in the papers connected therewith, disclose the fact of his personal disqualification to make a valid entry. While the entry remained uncancelled of record by any direct action of the Land Office or by relinquishment, could another person, by making an entry, acquire a right in the land upon which a patent could be based? If not, then McMichael acquired no right by his entry or application to enter.

The Supreme Court of the Territory held that White's homestead entry was *prima facie* valid, and that so long as White's entry remained uncancelled of record it segregated the tract of land from the mass of the public domain and precluded McMichael from acquiring an inceptive right thereto by virtue of his alleged settlement.

We are of opinion that there was no error in this ruling. It is supported by the adjudged cases. *Kansas Pacific Ry. Co.* v. *Dunmeyer,* 113 U. S. 629; *Hastings &c. R. R.* v. *Whitney,* 132 U. S. 357, 361, 362; *Sioux City &c. Land Company* v. *Griffey,* 143 U. S. 32, 38; *Whitney* v. *Taylor,* 158 U. S. 85, 91–94; *Northern Pacific Railroad Co.* v. *Sanders,* 166 U. S. 620, 631, 632; *Northern Pacific Railway* v. *De Lacey,* 174 U. S. 622, 634, 635; and *Hodges* v. *Colcord,* 193 U. S. 192, 194–196.

In the last named case the question now before us was directly presented and decided. It was there alleged that one

Gayman, who had made a homestead entry, was disqualified by reason of his having entered the Territory of Oklahoma in violation of the above act of Congress and the Proclamation of the President. The court said: "Gayman's homestead entry was *prima facie* valid. There was nothing on the face of the record to show that he had entered the Territory prior to the time fixed for the opening thereof for settlement, or that he had in any manner violated the statute or the Proclamation of the President. This *prima facie* valid entry removed the land, temporarily at least, out of the public domain, and beyond the reach of other homestead entries. . . . Generally, a homestead entry while it remains uncancelled withdraws the land from subsequent entry. Such has been the ruling of the Land Department. . . . The entry of Gayman, though ineffectual to vest any rights in him, and therefore void as to him, was such an entry as prevented the acquisition of homestead rights by another until it had been set aside."

Following the adjudged cases, we hold that White's original entry was *prima facie* valid, that is, valid on the face of the record, and McMichael's entry, having been made at a time when White's entry remained uncancelled, or not relinquished, of record, conferred no right upon him, for the reason that White's entry, so long as it remained undisturbed, of record, had the effect to segregate the lands from the public domain and make them not subject to entry. Upon White's relinquishment they again became public lands, subject to the entry made by Murphy.

In addition, it may be observed that the action of the Land Department under the statutes relating to the public lands has been in line with the above views. This appears from the decision in *Hodges* v. *Colcord*, and from the opinion of the Secretary of the Interior in *McMichael* v. *Murphy*, 20 L. D. 147. It is our duty not to overrule the construction of a statute upon which the Land Department has uniformly proceeded, in its administration of the public lands, except for cogent reasons. *United States* v. *Johnston*, 124 U. S. 236; *United*

*States* v. *Alabama G. S. R. Co.*, 142 U. S. 615; *United States* v. *Philbrick*, 120 U. S. 52; *United States* v. *Healey*, 160 U. S. 136, 141.

The judgment is

*Affirmed.*