# HOLT v. MURPHY.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 61. Argued December 6, 1907.—Decided January 6, 1908.

Under the general rule of law that an entry segregates the tract entered from the public domain subject to be entered until that entry is disposed of, this court sustains the rule of the Land Department that no subsequent entry can be received after the Land Commissioner has held the entry for cancellation until the time allowed for appeal has expired or the rights of the original entryman have been finally determined.

Where the successful party in a land contest does not enforce his preference rights or take any action looking to an entry within the prescribed period, but files a waiver of his right of entry, in the absence of any findings sustaining charges of fraud as to the delivery of the waiver, this court will not, in an action commenced four years thereafter, set aside a patent issued to one who had entered the land and in whose favor the waiver was filed.

15 Oklahoma, 12, affirmed.

THIS was a suit commenced in the District Court of Oklahoma County, Oklahoma, by appellant, praying that the appellees, the holders of the legal title to a tract of land in Oklahoma County, be decreed to hold that title in trust for her benefit. The District Court entered a decree in favor of the defendants, which was affirmed by the Supreme Court of the

Territory, 15 Oklahoma, 12, from whose decision this appeal was taken.

These facts are undisputed: On April 23, 1889, Ewers White made a homestead entry of the land. Subsequently two other parties, C. J. Blanchard and Vestal S. Cook, attempted to enter the same land. On July 16, 1889, in a contest before the local land officers, they held that all the claimants were disqualified because of entering the Territory in violation of the President's proclamation. On appeal the Commissioner of the General Land Office, on March 7, 1890, affirmed their ruling, dismissed the contests of both Blanchard and Cook, and held the entry of White for cancellation. From this decision White prosecuted an appeal to the Secretary of the Interior, who, on July 21, 1891, affirmed the decision of the Commissioner. 13 L. D. 66. During the time allowed for appeal to the Secretary from the Commissioner, and on March 11, 1890, Levi Holt, by his attorney in fact, filed a soldier's declaratory statement for the land, which was suspended by the register and receiver pending final action on the appeal. Thereafter and on November 29, 1890, before the decision by the Secretary of his appeal, White filed a relinquishment of his entry and all rights thereunder, and the defendant Samuel Murphy immediately thereafter made a homestead entry thereon.

In addition it was charged by plaintiff that after a decision by the Secretary of the Interior, in a contest between Murphy and Holt in favor of Holt, or rather in favor of his widow (as he had died in the meantime), a contract was entered into between plaintiff's attorney and the defendant Samuel Murphy, by which her attorney should deceive her as to her right in the land, and, for a pecuniary consideration received from Murphy, should file a waiver of her right of entry, and thus permit him to acquire a patent, all of which was done; that Anton H. Classen (the present holder of the legal title) and the other defendants were fully aware of what was thus wrongfully done; that the entry of Murphy appearing on the record as being unchallenged, a patent was, on January 19, 1898, issued

to him. Subsequently the title to most of the land passed to defendant Classen, who at the time of the filing of the waiver by plaintiff's attorney was receiver of the land office of the district in which the tract in controversy is situated, and who claimed in his answer among other things that he was a *bona fide* purchaser and without notice of any equities of the plaintiff.

Sections 2304 and 2309, Rev. Stat., provide for homestead entries by soldiers and officers who served in the army of the United States. By § 2309 the declaratory statement of such soldier or officer may be made by an agent as well as personally, and he is allowed six months thereafter to begin settlement and improvement, whereas in ordinary cases the entryman must make affidavit of his right to enter before the register or receiver, and must commence his residence and cultivation of the land immediately after the filing of the affidavit.

*Mr. John S. Jenkins* and *Mr. William Frye White*, with whom *Mr. John B. Cotton* was on the brief, for appellant:

The filing of Levi Holt's soldier's declaration, statement and application to enter after the entry of record in the records of the local land office of a judgment of the Commissioner of the General Land Office holding the prior entry of White invalid, did create a preference right of entry in Holt, although his filing had been received by the local land office and suspended, pending the right of appeal of White and his contestant in accordance with the settled practice and rule of the General Land Office in force at the time and for a long time thereafter. *McMichael* v. *Murphy et al.*, 20 L. D. 147, 535.

By the promulgation of the rule laid down in *McMichael* v. *Murphy*, *supra*, and its recognition and application through adjudged cases, a rule of property had become established, and inchoate property rights resulted, which are subject to protection by the courts, where the conditions called for by the rule were present. This being so, the courts ought to recognize the principle of *stare decisis* in respect to such a

rule and ought not to disregard rights attaching while it was the law of the tribunal which had jurisdiction to determine them.

Upon White's relinquishment of his entry, pending his appeal from the judgment of the Commissioner of the General Land Office holding his entry void and for cancellation, the suspended application of Levi Holt became a subsisting entry.

*Mr. J. H. Everest* for appellees:

The plaintiff has not shown herself entitled to a patent to the land and her bill, therefore, lacks equity. *Baldwin* v. *Keith*, 75 Pac. Rep. 1124; *Bohall* v. *Dilla*, 114 U. S. 51; *Sparks* v. *Pierce*, 115 U. S. 408; *Lee* v. *Johnson*, 115 U. S. 48; *Emblen* v. *Lincoln Land Co.*, 184 U. S. 661, 663.

The plaintiff never in fact acquired any right or equity in the land involved because the decision of the Secretary of the Interior awarding the heirs of Levi Holt the right to enter said land was erroneous and contrary to law. See *Patrick* v. *Kelley*, 11 L. D. 326; *Goodale* v. *Olney* (on review), 13 L. D. 498; *Re Maggie Laird*, 13 L. D. 502; *Holmes* v. *Hockett*, 14 L. D. 127; *Swanson* v. *Simmons*, 16 L. D. 44; *Mills* v. *Daly*, 17 L. D. 395; *Cook* v. *Villa* (on review), 19 L. D. 442; *Walker* v. *Snider* (on review), 19 L. D. 467; *Gallagher* v. *Jackson*, 20 L. D. 389; *McMichael* v. *Murphy et al.* (on review), 20 L. D. 535; *McCreary* v. *Wert et al.*, 21 L. D. 145.

As to the defendant, Anton H. Classen, and the one hundred and twenty acres of land claimed by him, the record shows that he was an innocent purchaser after patent without notice of any of the pretended equities of the plaintiff. *Colorado Coal & Iron Co.* v. *United States*, 123 U. S. 307; *United States* v. *Marshall Silver Mining Company*, 129 U. S. 579.

The plaintiff was guilty of laches in the prosecution of her suit and should, therefore, be barred of relief in a court of equity. *Wagner* v. *Baird*, 7 How. 234; *Galliher* v. *Cadwell*, 145 U. S. 368; *Johnson* v. *Standard Mining Co.*, 148 U. S. 360.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The plaintiff alleges in her petition that the land is worth $100,000. It appears that she has never been in Oklahoma; that neither she nor her husband ever entered upon or cultivated the land, and yet she asks the court to give her this valuable property, taking it away from those who, at least by their presence and occupation of the tract, have assisted in building up a State having more than a million inhabitants.

Another matter is worthy of notice. According to a report of the register of the local land office to the General Land Office at Washington, on May 12, 1897, the attorney for the plaintiff was notified of the decision in her favor by the Commissioner of the General Land Office, and on June 16 of that year that attorney filed the waiver of the preference rights thus awarded to her. The patent to Murphy was issued on January 19, 1898, and recorded in the office of the register of deeds in Oklahoma County on January 25, 1898. This suit was commenced on September 16, 1901. It, therefore, appears that the plaintiff took no action until more than four years after the waiver by her attorney of her preference rights and three and a half years after the issue of the patent and its record in the county in which the land is situate. It is true that she claims to have been ignorant of the decision in her favor, and that she relied upon her attorney, whom she charges was engaged in a conspiracy to defraud her. Although this reliance, so far as it was reasonable and in fact controlled her, may, to some extent, at least, have excused her inaction, yet it must also be remembered that not improbably her inaction may have influenced some of the defendants to deal with the land in reliance upon the title passing by the patent to Murphy.

The decree in the District Court finds that the plaintiff "has failed to sustain the material allegations of her petition," and holds that neither she nor any of the heirs of Levi Holt "have any right, equity or interest in and to said tract of land above

described or any part thereof," and quiets the title of defendants against all their claims, while the Supreme Court, in its opinion, says that the District Court was warranted in finding that the "allegations of fraud in the petition were not sustained by the evidence."

The Supreme Court, however, rested its decision largely upon this rule of law: That whenever an entry has been made of a tract of land that tract is segregated from the mass of public land subject to entry until the existing entry is disposed of.

Counsel for appellant do not question the general rule as to the effect of an entry regular upon its face, and concede that it is no longer open to doubt, in view of the many rulings of the Land Department and the decisions of this court, *Hodges* v. *Colcord*, 193 U. S. 192; *McMichael* v. *Murphy*, 197 U. S. 304, the latter, involving the land in controversy, but they seek to distinguish this case in that the local land officers had held all the claimants disqualified, and that on appeal the Commissioner of the General Land Office, on March 7, 1890, had affirmed their ruling, dismissed the contests of Blanchard and Cook, and held the entry of White for cancellation; that the application of Holt to enter was made on March 11, 1890, before any appeal had been, in fact, taken from the decision of the Commissioner to the Secretary of the Interior. In other words, at the time that Holt applied to make his entry there was no pending entry. It could not have been foretold whether White would appeal from the decision of the Commissioner of the General Land Office, and if he did not, there would be no entry to conflict with Holt's application. They contend that the application of Holt should have been recognized as an application to enter the land, to take effect if White should not appeal from the decision of the Commissioner, or if, on appeal, that decision should be sustained. In that way Holt would have been given priority over all subsequent entries. Counsel further say that such was then the ruling of the Department, citing especially *McMichael*

v. *Murphy*, 20 L. D. 147, and that although that decision has been overruled, yet that it was the law of the Land Department, as then established by its practice, and should be recognized as controlling the rights of the parties. The case in which, as they concede, the doctrine of *McMichael* v. *Murphy* was overruled is *Cowles* v. *Huff*, 24 L. D. 81, decided in January, 1897, a year before the issue of the patent in this case.

The difference in the ruling is disclosed by the two cases of *Henry Gauger*, 10 L. D. 221, and *Allen* v. *Price*, 15 L. D. 424. In the former it was held:

"An application to enter may be received during the time allowed for appeal from a judgment of cancellation, subject to such appeal, but should not be made of record until the rights of the former entryman are finally determined."

In the latter the Secretary said (p. 426):

"The act of May 14, 1880, 21 Stat. 140, granting to a successful contestant the preference right of entry, and the act of July 26, 1892, 27 Stat. 270, granting to his heirs the same rights, it must be admitted, conferred a right upon such party, and when we consider that this right must be exercised within the limited period of thirty days, and that it can only be exercised upon a specified and limited tract of land, is it not reasonable to assume that it was the intention of such legislation to reserve from other appropriation, for the period specified, the designated tract of land, and thus enable the party intended to be benefited, to reap the reward of his diligence in procuring the cancellation of the prior entry?

"Upon mature reflection, I am convinced that, to hold otherwise, is, by implication at least, to assume that Congress holds out inducements to a party to take certain action, but fails to protect him in the rights such action secures. To reserve the land for the time specified will certainly be in the line of protecting the contestant's rights, and no other party can be seriously prejudiced thereby."

In *McMichael* v. *Murphy*, 20 L. D. 147, he held that (p. 152): "One of the rules of this Department, established by a num-

ber of decisions, is, that a judgment of your office, holding an entry for cancellation, is final so far as that tribunal is concerned, and at once throws the land involved open to entry. That an application to enter made after the date of said judgment and within the time allowed for appeal, should be received, but not placed on record until the time for appeal has expired, or the rights of the entryman on appeal have been determined by this Department. In other words, that such an application shall be received subject to the rights of the entryman on appeal;" while in *Cowles* v. *Huff, supra,* it was decided that "An application to enter should not be received during the time allowed for appeal from a judgment canceling a prior entry of the land applied for; nor the land so involved held subject to entry, or application to enter, until the rights of the entryman have been finally determined."

In the course of his opinion the Secretary, after noticing the difference between the cases of *Henry Gauger* and *Allen* v. *Price,* said, 24 L. D. 86:

"This summary shows beyond any question that there is, in some particulars, at least, an irreconcilable conflict between these cases. To the extent of such conflict one or the other of them must be overruled. From a careful examination of the subject I am convinced that the doctrine announced in *Allen* v. *Price* furnishes the better practice, and it will be followed. The case of *Henry Gauger,* 10 L. D. 221, is therefore overruled. All other cases following it, in so far as they may be in conflict with the views herein expressed, are also hereby overruled."

See, also, *Stewart* v. *Peterson,* 28 L. D. 515, in which the Secretary held that (p. 519): "In order that this important matter of regulation may be perfectly clear, it is directed that no application will be received, or any rights recognized as initiated by the tender of an application for a tract embraced in an entry of record, until said entry has been canceled upon the records of the local office." To fully appreciate the scope of this ruling it must be remembered that the local land officers

do not, except in the case of a relinquishment by the entryman, on their own judgment cancel an entry of record in their office, and that it remains until the Commissioner of the General Land Office sends directions to the local land officers to cancel it; and, further, that the Commissioner, even after his decision against the validity of the entry, sends down no order for its cancellation until after the time has expired for appeal from his decision, or until an appeal, if had, is finally disposed of by the Secretary (p. 517). Hence, by this rule, which was in force at the time the patent was issued, the appellant took no rights, preferential or otherwise, by the declaratory statement filed in March, 1890. Such a rule, when established in the Land Department, will not be overthrown or ignored by the courts, unless they are clearly convinced that it is wrong. So far from this being true of this rule, we are of opinion that to enforce it will tend to prevent confusion and conflict of claims.

But, further, it appears that a waiver in proper form of appellant's right of entry was filed in the Land Department after the decision in the contest case in her favor, and before the patent was issued to Murphy. Indeed, after that decision and after notice to her attorney she failed to take any action looking to an entry within the prescribed time.

As by the findings of both the trial and Supreme Court of the Territory all charges of fraud and misconduct may be put one side, there was nothing to prevent the waiver receiving operative force, and that, together with the delay on her part in attempting to enforce her preference rights, left the land free for Murphy's entry and the patent thereon.

The decision of the Oklahoma courts was right, and it is .

*Affirmed.*