**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**CENTRAL ILLINOIS PUBLIC SERVICE
COMPANY, Defendant-Appellant.**

**No. 15451.**

United States Court of Appeals
Seventh Circuit.

June 29, 1966.

Rehearing Denied Sept. 7, 1966.

W. Knowles Laird, Springfield, Ill., Robert L. Broderick, East St. Louis, Ill., Elmer Nafziger, Kenneth H. Otten, Springfield, Ill., Joseph R. Lowery, East St. Louis, Ill., for appellant.

Edwin L. Weisl, Jr., Robert M. Perry, Attys., Department of Justice, Washington, D. C., Carl W. Feickert, U. S. Atty., East St. Louis, Ill., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The defendant, Central Illinois Public Service Company, appeals from an order of the district court granting a motion for summary judgment by the plaintiff, United States of America, in an action to vacate a strip of land adjoining the south boundary of the Shawnee National Forest upon which the defendant maintains electric power transmission lines.[1]

---

1. The land in question is a strip approximately one hundred feet wide and twenty chains long adjoining the south boundary of the southwest quarter of the northeast quarter, section thirteen, township ten south, range four west, Jackson County, Illinois.

The defendant asserts its claim to maintain its power lines on this land by virtue of mesne conveyances from John Nikles, who entered the land, allegedly a part of the public domain, on February 4, 1860 and later received a certificate entitling him to a patent. The official records of the Bureau of Land Management of the Department of the Interior, however, show that on May 13, 1857 a prior entryman, Hiram Walker, entered the land as the assignee of a military warrant for bounty land issued to Isabella Bowman. Walker's warrant was cancelled on April 26, 1862 after it was discovered that it had been stolen from its original owner some time earlier. In the meantime, on December 27, 1860, the certificate issued to Nikles was cancelled because it was in conflict with the earlier Walker entry. Nikles continued in possession despite the cancellation. The land was later included within the territory described in a presidential proclamation in 1939 which set aside "all lands of the United States within the areas . . . described" for the Shawnee National Forest.

An entry on public land which is prima facie valid, even though subsequently declared void, segregates the land from the public domain and prevents a second entryman from obtaining any interest in it until the prior entry has been set aside. McMichael v. Murphy, 197 U.S. 304, 311, 25 S.Ct. 460, 49 L.Ed. 766 (1905). Since the Walker entry was still a matter of official record, Nikles acquired no interest in the land and his certificate was properly cancelled. Cornelius v. Kessel, 128 U.S. 456, 461, 9 S.Ct. 122, 32 L.Ed. 482 (1888). Further, there is no evidence to establish a relinquishment by Walker at the time of Nikles' entry. A letter sent by Walker on August 4, 1860, in reply to an inquiry by the General Land Office, acknowledging Walker's inability to support the bona fide character of the assignment under which he claimed the land cannot be considered a relinquishment and was not so considered by the Land Office. Thus the land was at all times owned by the United States and became part of the Shawnee National Forest by presidential proclamation.

The judgment of the district court is affirmed.