# HODGES *v.* COLCORD.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 155. Submitted February 23, 1904.—Decided March 7, 1904.

A homestead entry which is *prima facie* valid, although made by one in fact disqualified to make the entry, removes the land temporarily out of the public domain, and one who attempts to enter the land on the ground that the original entry was void, acquires no rights against one who initiates a contest in the land office and obtains a relinquishment in his favor from the original entryman.

THE facts are stated in the opinion of the court.

*Mr. J. S. Jenkins* for appellants.

*Mr. John W. Shartel, Mr. James R. Keaton* and *Mr. Frank Wells* for appellees.

MR. JUSTICE BREWER delivered the opinion of the court.

On June 1, 1901, James L. Hodges filed his petition in the District Court of Oklahoma County, Oklahoma Territory, praying that the defendants, the heirs of William R. Colcord, deceased, the holders of the legal title by patent from the United States to a tract of land in the county, be decreed to hold that title in trust for him. In it he alleged that on July 22, 1889, he was legally qualified to make a homestead entry of the land; that on that day he settled upon it with intent to acquire title under the homestead laws of the United States, and immediately made permanent and lasting improvements as required by law. He further alleged "that at the time he entered upon said land, and made settlement thereon, one John Gayman had entered upon and occupied said land; that on the 25th day of April, 1889, the said John Gayman obtained a pretended

homestead entry on said land; that said Gayman was disqualified from ever entering or obtaining any right or title to said land, by reason of his entering upon and occupying a portion of the Oklahoma country declared open to settlement by the President's proclamation of March 3, 1889, prior to 12 o'clock noon, April 22, 1889, as shown by a copy of the decision of the Land Department, recorded in vol. 24, page — of the United States Land Decisions, hereto attached, marked 'Exhibit A' and made a part of this petition.

"In the decision above referred to the honorable Secretary of the Interior finds as facts that James L. Hodges has resided on said land since July 22, 1889; that Runyan has resided on said land since May 13, 1890, and William R. Colcord since 1893.

"Said William R. Colcord filed his contest against the said John Gayman on the 23d day of July, 1889, on the ground of disqualification, and the plaintiff James L. Hodges filed his contest against said John Gayman August 23, 1889, on the ground of prior settlement, as shown by the decision of the Hon. Secretary of the Interior dated December 1, 1894, hereto attached marked 'Exhibit B,' and made a part hereof."

A demurrer to the petition was sustained by the District Court and the suit dismissed. The decision was affirmed by the Supreme Court of the Territory, 70 Pac. Rep. 383, whereupon an appeal was taken to this court. Pending the proceedings in the territorial courts Hodges died, and the suit was revived in the names of his heirs.

The appellants' contention is that Gayman was legally disqualified to make a homestead entry of the land; that his entry was absolutely void; that Hodges was the first person legally qualified to make an entry who actually settled upon the land and that therefore upon Gayman's relinquishment he became entitled to entry and patent. On the other hand, the defendants' contention rests on sec. 2, chap. 89, 21 Stat. 140, which provides:

"Sec. 2. In all cases where any person has contested, paid

the land office fees, and procured the cancellation of any pre-
emption, homestead, or timber culture entry, he shall be noti-
fied by the register of the land office of the district in which
such land is situated of such cancellation, and shall be allowed
thirty days from date of such notice to enter said lands."

The exhibits attached to the petition show that the Land
Department found that Gayman was within the territory at
the time of the opening of the lands for settlement; that after
the decision in *Smith* v. *Townsend*, 148 U. S. 490, he filed a
relinquishment in the local land office, and that such relin-
quishment was induced by the contest of Colcord. This find-
ing, being one of fact, is conclusive upon the courts. Colcord
was the contestant who procured the cancellation of Gayman's
homestead entry. He comes within the terms of the statute.
Was this statutory right of entry destroyed by Hodges' settle-
ment, a settlement made intermediate Gayman's homestead
entry and the initiation of this contest? We are of the opinion
that it was not. Gayman's homestead entry was *prima facie*
valid. There was nothing on the face of the record to show
that he had entered the territory prior to the time fixed for
the opening thereof for settlement, or that he had in any man-
ner violated the statute or the proclamation of the President.
This *prima facie* valid entry removed the land, temporarily
at least, out of the public domain, and beyond the reach of
other homestead entries. The first to contest was Colcord,
and as a result of that contest Gayman relinquished his entry.
To take from Colcord the benefit of the relinquishment which
his contest had secured would be an injustice to him as well as
a disregard of the act of 1880.

Some reliance is placed by the appellants on the language
of this court in *Calhoun* v. *Violet*, 173 U. S. 60, 64, in which
we said, in respect to an entry similar to Gayman's, "that an
entry of land made under such circumstances was void, and
that the ruling by the Land Department so holding was cor-
rect," but that language was used with reference to the claim
of the entryman, and what was meant was that such entry

was void as to him—that is, gave him no rights. So here the entry by Gayman was as to him void—gave him no rights. But that decision did not determine what effect an entry *prima facie* valid, although made by one in fact disqualified to make the entry, had upon the status of the land or the rights of other parties. Generally, a homestead entry while it remains un-cancelled withdraws the land from subsequent entry. . Such has been the ruling of the Land Department. In *In re Cliff*, 3 L. D. 216, 218, it was said by Secretary Teller:

"Under the present ruling of this department, entries of record *prima facie* valid appropriate the lands covered thereby, and, while they remain uncancelled, the land is not subject to further entry. *Graham* v. *H. & D. R. R. Co.*, 1 L. D. 380; *Whitney* v. *Maxwell*, 2 L. D. 98; *McAvinney* v. *McNamara*, 10 C. L. O. 274; *Davis* v. *Crans et al.*, 11 C. L. O. 20."

The same proposition was affirmed in *In re Laird*, 13 L. D. 502, 503. In *McMichael* v. *Murphy*, 20 L. D. 147, 150, the question arose as to an entry in Oklahoma, and Secretary Smith discussed it in these words:

"Although White had entered the Oklahoma country during the prohibitory period, yet his homestead entry was *prima facie* valid. Its invalidity had to be established by extraneous evidence, and a judgment as to its illegality pronounced by a competent tribunal. Had that never been done, the tract covered by said entry would have remained forever segregated from the public domain; so far, at least, as the unquestioned legality of the entry itself could accomplish that fact. Hence it cannot be regarded as void, but voidable only. True, White lacked one of the essential qualifications of an entryman for Oklahoma lands. But it has been held that the entry of an alien (who also lacks the very essential qualifications of citizenship) is not void but voidable. *Leary* v. *Manuel*, 12 L. D. 345; *Hollants* v. *Sullivan*, 5 L. D. 115; *Pfaff* v. *Williams et al.*, 4 L. D. 455; *St. Paul, Minneapolis & Manitoba R. R. Co.* v. *Forsyth*, 3 L. D. 446. Being voidable only, White's entry segregated the land so long as it remained of record."

In *Jones* v. *Arthur*, 28 L. D. 235, it was decided, that "land in the actual possession and occupancy of one holding the same under claim and color of title is not subject to homestead entry." See also *Butler* v. *California*, 29 L. D. 610. In *Witherspoon* v. *Duncan*, 4 Wall. 210, it was held that "lands originally public cease to be public after they have been entered at the land office, and a certificate of entry has been obtained;" and in *Hastings &c. R. R. Co.* v. *Whitney*, 132 U. S. 357, it was said by Mr. Justice Lamar (p. 361):

"In the light of these decisions the almost uniform practice of the department has been to regard land, upon which an entry of record valid upon its face has been made, as appropriated and withdrawn from subsequent homestead entry, preëmption settlement, sale or grant until the original entry be cancelled or declared forfeited; in which case the land reverts to the government as part of the public domain, and becomes again subject to entry under the land laws."

And again, on page 364, after noticing some defects in the form of the entry—

"But these defects, whether they be of form or substance, by no means render the entry absolutely a nullity. So long as it remains a subsisting entry of record, whose legality has been passed upon by the land authorities, and their action remains unreversed, it is such an appropriation of the tract as segregates it from the public domain, and therefore precludes it from subsequent grants."

But it is unnecessary to multiply quotations. The entry of Gayman, though ineffectual to vest any rights in him, and therefore void as to him, was such an entry as prevented the acquisition of homestead rights by another until it had been set aside. It was relinquished and removed from the records of the land office as the result of a contest by Colcord. He was entitled under the statute to the benefit of that contest, and was rightfully given an entry of and patent to the land.

The judgment of the Supreme Court of Oklahoma is

*Affirmed.*