## BUNKER HILL & SULLIVAN MINING AND CONCENTRATING COMPANY *v.* UNITED STATES.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 101. Submitted December 17, 1912.—Decided January 6, 1913.

Until it is finally determined that a homestead entry is void because made on mineral land open to mining location under the act of June 3, 1878, the land is segregated from the public domain and the entryman cannot cut timber thereon in violation of the law applicable to homestead entries.

An entryman claiming rights of a homesteader is estopped from defending against violations of the law on the ground that under another statute the land is not open to homestead entry.

One buying from an entryman lumber cut in violation of law from the homestead does so with notice and is liable for the timber unlawfully removed by the entryman.

178 Fed. Rep. 914, affirmed. ·

THE facts, which involve the rights of a homesteader to cut timber on the land entered and the effect of the entry as segregating the land from the public domain, are stated in the opinion.

*Mr. Myron A. Folsom* for plaintiff in error.

*Mr. Assistant Attorney General Knaebel* for the United States.

MR. JUSTICE LAMAR delivered the opinion of the court.

In 1903 Messenger made a homestead entry in the Cœur D'Alene Land District. He claimed to have entered in good faith and testified that he lived on the land with his family for some time. While thus in possession he cut many of the trees into stulls, which with the cordwood he sold to the Bunker Hill Company. In 1905 he abandoned the land and the Government brought suit against the Mining Company and recovered judgment for the value of the timber in its improved state. 178 Fed. Rep. 914.

In this court, plaintiff in error claims that the land not being suited for agricultural purposes, could not be entered as a homestead (Rev. Stat., § 2303), but being mineral land in fact was open to mining location and subject to the provisions of the act of June 3, 1878, 20 Stat. 88, c. 150, which authorizes any citizen to "enter upon public lands, being mineral lands," open to mineral entry in order to cut timber therefrom for mining purposes. It argues that the

homestead entry was void and that any citizen, Messenger included, could treat the land as public and cut the timber for mining purposes. It offered evidence tending to sustain its contention as to the character of the land, and excepts to the court's ruling that Messenger and his vendee were estopped from making such claim.

The statute on which the Mining Company relies, applies only to public lands, while this was no longer public in the full sense, although the title remained in the Government which could have cancelled Messenger's entry on proof that it was valuable for mineral purposes. *Deffeback* v. *Hawke*, 115 U. S. 392. But until some such action by the United States, Messenger's entry segregated the land from the public domain and made it so far private as to withdraw it from the operation of the law permitting other citizens to locate mines or cut timber on public mineral land. *Hastings & D. R. Co.* v. *Whitney*, 132 U. S. 537; *Shiver* v. *United States*, 159 U. S. 491, 495. Until his claim was cancelled Messenger was entitled to exclude others from the quarter-section. And as they would have been estopped, as against him, from denying that he was lawfully in possession of it as a homestead, so was he estopped from denying that it was a homestead when sued for cutting timber in violation of the law applicable thereto. He could not claim the rights of a homesteader in land intended for settlement and cultivation (Rev. Stat., § 2290) and at the same time defend under another statute which related to public land valuable for mineral purposes. The Mining Company bought with notice that Messenger was a trespasser, and is liable for the timber unlawfully removed by its vendor.

*Affirmed.*