PORTER, Respondent, v. STEINMETZ, Appellant.

(159 N. W. 39.)

(File No. 3479.   Opinion filed August 29, 1916.)

1.   **Homestead—Indian Homestead—Alienation Under Patent, Effect
—Amendatory Statute Affecting Alienation—Amendment After
Completed Residence, Effect.**

Under Fed. Act of March 3, 1875, Chap. 131, 18 Stat. 420
[U. S. Comp. Stat. 1913, Sec. 4611] extending the privileges
of the Homestead Act of 1862 to Indians under certain condi-
tions, with a proviso against alienation during 5 years after
patent issued,   and Act of Congress of January 18, 1881, [21
Stat. 317, Chap. 23, Sec. 5], which applied only to the Winne-
bago Indians of Wisconsin, and did not apply to the Sioux,
and Act of Congress of July 4, 1884, Chap. 180, 23 Stat. 96
[U. S. Comp. Stat. 1913, Sec. 4612], granting to Indians the
right to acquire homesteads, and restricting alienation for 25
years, and which latter act omitted the requirements contained
in the Act of 1875 (a) that the Indian should be born in the
United States; (b) that he should be the head of the family;
and (c) that he should abandon his tribal relation, held, that
where a duly qualified Sioux Indian made homestead entry
on a quarter section of land not tribal, nor within an Indian
reservation, completed his residence thereon and cultivation
thereof, made application to the local land office to make final
proof on a certain date fixed by the officers, caused publication
and posting of notices thereof to be duly completed, made
final proof and paid the statutory fees, and final certificate en-
titling him to patent was issued to him, but said certificate
erroneously recited a 20 years restriction against alienation
under authority of the Act of 1881, and the entryman, 13
years after issuance of said certificate, contracted with defen-
dant for the sale of the land; the purchaser having gone into
immediate possession, which he has since held; 25 years after
issuance of patent, another patent having been issued to the
entryman's heirs, which recited that the trust period had ex-
pired; the heirs having conveyed their interest therein to plain-
tiff, who instituted suit to quiet title;—that the Act of 1884,
not having been passed until after the entryman had complete-
ly earned his title to his homestead, did not operate to extend
the five year period of restriction against alienation under the
Act of 1875, to 25 years; that therefore the said contract of
sale was valid; that said amendatory Act of 1884 was inapplic-
able to a case where the entryman had earned his right to a
patent before the passage of the Act; that while said Act
of 1884 applied to Indians then located upon public lands,
and might be considered to be applicable to said entryman, yet,

regarding the purpose of the Act, which was to confer a benefit, not confirm one, it did not apply to him, since he was a beneficiary of the prior Act and had substantially performed its conditions before said amendatory Act was passed; nor did the fact that the Act of 1884 applied to such Indians as might be located upon the public lands broaden it so as to include Indians who were proceeding under the Act of 1875. Hammer v. U. S. 204 Fed. 1898, 123 C. C. A. 194, affirmed by the Supreme Court of the United States in 241 U. S. 379, 36 Sup, Ct. 659, 60 L. Ed. 1055.

2.   **Courts—Federal Supreme Court—Decisions of, Controlling Effect of, on State Courts—Indian Homestead Laws, Construction of.**
     The decision of United States Supreme Court, involving construction of federal Indian homestead statutes, and conflicting claims to realty under several patents, is binding on the Supreme Court of this State.

Appeal from Circuit Court, Grant County. HON. FRANK McNULTY, Judge.

Action by Clement F. Porter, against John W. Steinmetz, to quiet title to realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

*L. W. Crofoot,* and *Thad. L. Fuller,* for Appellant.

*Thos. L. Bouck,* for Respondent.

(1)   To point one of the opinion, Appellant submitted that: If the proof had been made prior to the Act of July 4th, 1884, that act could have no application, even though patent was not issued until afterwards, and it could not in any manner affect the title; and cited: United States v. Saunders, 96 Fed. 268; Franzee v. Spokane County, 69 Pac. 779. That: Even though the Indian might have had a right to avail himself of the Act of 1884, as a benefit, but, not having done so, the Government could not by that Act have imposed any restrictions upon alienation as a burden upon his title, because he had acquired a vested right.

That: This land was not a part of any tribal lands, and was within an Indian reservation, but was a part of the public domain, subject to entry under the Homestead law, by citizens of the United States as well as by native born Indians who had abandoned their tribal relations. No obligation growing out of the disposal of the tribal lands by allotment, was imposed upon this Indian; and cited: Hemmer et. al. v. United States, 204 Fed. 898.

Respondent submitted that: This Indian made entry under

the Act of 1875, but his final proof shows that he made the claim the same as a citizen, as provided in the 1884 act. He cited, concerning the statutes: Hemmer. v. U. S. 195 Fed. 790; Bon Homme county v. Berndt, 13 S. D. 309, 50 L. R. A. 345, 83 N. W. 333; Bon Homme County v. Berndt, 15 S. D. 494, 90 N. W. 147.

That: If the Act of Congress of 1875 was amended by that of 1884, as respondent contends, then the patent should have contained the trust, restraining the alienation for twenty-five years, and the contract between the Indian and appellant was void; and cited: Taylor v. Brown, 5 Dak. 335, 40 N. W. 525, affirmed in 147 U. S. 640, 37 L. Ed. 313.

GATES, J. [1] By section 15 of Act March 3, 1875, c. 131, 18 Stat: 420 (U. S. Comp. Stat. 1913, § 4611), the Congress extended the privileges of the Homestead Act of 1862 (Act May 20, 1862, c. 75, 12 Stat. 392) to Indians under certain conditions, with a proviso against incumbrance or alienation during the period of 5 years after date of patent. On April 28, 1879, Amos Owaykiduta, a Sioux Indian of the Sisseton and Wahpeton band or tribe, duly qualified so to do, made homestead entry on a quarter section of the public domain in Grant county in the then territory of Dakota. This land was not tribal land, nor within an Indian reservation. On May 20, 1884, having completed the requisite residence on and cultivation of the land, he made application to the local land office to make final proof, and July 11, 1884, was fixed by the officials as the date thereof. The publication and posting of notice was fully completed during the month of June, 1884. Proof was made on July 11, 1884, the fees were paid, and on July 16, 1884, the final certificate entitling him to patent was issued to the applicant which through departmental error recited a 20-year restriction against alienation or incumbrance under the authority of the act of Congress of January 18, 1881 (21 Stat. 317, c. 23, § 5). This act of 1881 applied only to the Winnebago Indians of Wisconsin and did not apply to the Sioux. Hemmer v. U. S., 204 Fed. 898, 123 C. C. A. 194. On July 4, 1884, the Congress enacted a law (23 Stat. 96, c. 180 [U. S. Comp. St. 1913, § 4612]) granting to Indians the right to acquire homesteads without the paying of fees or commissions, but with a restriction against alienation or incum-

brance for 25 years, This act omitted the requirements contained in the act of 1875; (a) That the Indian should be born in the United States; (b) that he should be the head of the family; and (c) that he should abandon his tribal relations. On May 31, 1897, the defendant in this case entered into a contract in writing with Owaykiduta for the purchase of the land for the sum of $300, of which $235 was then paid, the remaining $65 to be paid April 29, 1898, whereupon the Indian was to give a warranty deed. Pursuant to the contract the purchaser went into immediate possession of the land which he has ever since held. Owaykiduta died on May 15, 1898. The delayed payment of $65 has not been made. In 1912, 25 years after the issuance of the patent to Owaykiduta, another patent was issued to his heirs, which recited that the trust period had expired. The heirs conveyed their interest in the land to the plaintiff, who instituted this action to quiet title. Another action is pending in the trial court, wherein this defendant, as plaintiff, seeks specific performance of the contract.

There is only one question involved in the determination of this case and that is, as concisely stated by appellant:

"Did the act of July 4, 1884, which was not passed until after Owaykiduta had completely earned the title to his homestead subject to the restriction of only 5 years upon its alienation imposed by the act of 1875, so amend that act as to extend that restriction to 25 years?"

The trial court, following the decision of the United States District Court for this district in the case of United States v. Hemmer, 195 Fed. 790, decided that the act of 1884 did extend the period of restriction against alienation and incumbrance to 25 years, and therefore that the contract with Steinmetz was a nullity. Upon appeal to the United States Circuit Court of Appeals in the Hemmer Case the decision of the District Court was reversed, and the act of 1884 was held inapplicable to a case where the entryman had earned his right to the patent before the passage of the act of 1884. Hemmer v. U. S., 204 Fed. 898, 123 C. C. A. 194. In that case the Indian entryman had earned his patent before the passage of the act of 1884, but he had not made his application for final proof until December, 1884. In the present case the entryman had not only earned his right to

the patent, but had done everything possible towards securing it, prior to the adoption of the act of 1884. That is the only distinction between the Hemmer Case and this, so far as the question before us is concerned. By a stipulation of the parties in this case its determination has been withheld by us pending an appeal from the decision of the United States Circuit Court of Appeals in the Hemmer Case to the Supreme Court of the United States. An opinion was handed down by that court on June 5, 1916. 241 U. S. 379, 36 Sup. Ct. 659, 60 L. ed. 1055. It affirms the decision of the Circuit Court of Appeals. In the opinion in that case the court said:

"The act of 1884 applied to Indians then located on the public lands. Regarding Taylor simply as an Indian, those words might be considered to be applicable to him; regarding the purpose of the act, which was to confer a benefit, not confirm one, they did not apply to him, or to Indians in his situation, for he, and Indians such as he, were the beneficiaries of the prior act, and he and other Indians, it may be, but certainly he, had substantially performed its conditions. What remained to be done, and could have been done before the act of 1884 was passed, was not much more than ceremony. Nor does the fact that the act of 1884 applied to such Indians as might then be located upon the public lands broaden it so as to include Indians who were proceeding under the act of 1875. The rule is established that under acts of Congress concerning the public lands those are not regarded as such to which a claim has attached, though Congress may, if it be so advised, exercise control over them. Hastings & Dakota Ry. Co. v. Whitney, 132 U. S. 357, 361, 364 [10 Sup. Ct. 112, 33 L. ed. 363]; Hodges v. Colcord, 193 U. S. 192, 196 [24 Sup. Ct. 433, 48 L. ed. 677]; Bunker Hill Co. v. United States, 226 U. S. 548, 550 [33 Sup. Ct. 138, 57 L. ed. 345]. Homestead entries under the act of 1875 cannot, therefore, be considered as having been referred to. Taylor and those in like situation did not need the aid of the act of 1884. Its language was not of confirmation of rights, but was permissive and prospective, and related to the initiation and acquisition of rights by a different class. And having this definite purpose, it would be difficult to suppose that, besides, rights acquired under prior laws were intended to be limited without reference to such laws.

This view makes it unnecessary to inquire whether Taylor's rights had progressed beyond the point of subjection to the power of Congress; he having, as we have said, completed his residence upon the land, and nothing remaining but to make final proof and receive the assurance of his title, which, we have seen, was his situation nearly a year before the passage of the act of 1884. Congress has undoubtedly by its legislation indicated a policy to protect Indians against a hasty and improvident alienation or their lands, and the government has cited a number of statutes. But, as we have pointed out, such policy was satisfied by the act of 1875, and we do not think there is anything in the history of the act of 1884 which sustains the contention that it was intended to be an amendment of the act of 1875, or to indicate that the latter act was not sufficiently potent for the purposes of protection."

[2] That decision is binding upon us and must control our decision. We must therefore hold that the act of 1884 did not apply to Owaykiduta's patent issued on February 19, 1887, and that on May 31; 1897, when he made the contract with Steinmetz for the land, there was no valid restriction upon him against the alienation or incumbrance of the land.

The judgment and order denying a new trial are reversed, and the cause is remanded for further proceedings in harmony with this opinion.