STEINMETZ, Respondent, v. PORTER, Appellant.

(192 N. W. 181.)

(File No. 5019.   Opinion filed February 20, 1923.)

1. Specific Performance—Indian Lands—Homesteads—Laches—Pur-
chaser of Land Acquired by Vendor Under Indian Homestead
Act Held Not Guilty of Laches in Tendering Final Payment
and Suing for Specific Performance.

An Indian contracted, in 1897, to sell land entered by him
in 1879 under the Indian Homestead Act (Act March 3, 1875),
prohibiting alienation for five years from date of patent, which
was granted in 1887. He died in 1898, before final payment
became due in 1899. No administrator was appointed for his
estate until 1908. Suit was brought by the federal government
in 1909 to avoid the contract as violating Act Cong. Jan. 18,
1881, prohibiting alienation of title to lands entered under the
Act of 1875 for 20 years from date of patent, and Act Cong.
July 4, 1884, providing that the United States should hold
lands entered by Indians under the homestead laws for 25
years in trust, and convey them by patent in fee at the expir-
ation of such period, and the commissioner of the general land
office in the same year cancelled the patent and issued a trust
patent under the Act of 1884, and, in 1912, after expiration of
the trust period, a second patent in fee to decedent's heirs.
Held, that the purchaser was not guilty of laches in tendering
final payment and beginning an action for specific performance
in 1908, nor in bringing the action on for trial in 1919 after
dismissal of the government suit in 1916.

2. Specific Performance—Purchase Price—Trial Courts Finding of
Adequacy of Purchase Price Not Against Preponderance of
Evidence.

Trial courts finding that purchase price in land contract is not inadequate, will not be held to be against clear preponderance of evidence where evidence is sharply conflicting and tract appears to be of inferior quality and subject to an unexpired ten year lease.

Appeal from Circuit Court, Grant County; Hon. FRANK ANDERSON, Judge.

Action by John W. Steinmetz against one Clements F. Porter. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Frank McNulty,* of Aberdeen, for Appellant.

*Thad L. Fuller,* of Milbank, and *Crofoot & Ryan,* of Aberdeen, for Respondent.

Appellant cited: Smith v. Lawrence, 15 Mich. 499; Phelan v. Neary, 22 S. D. 265, 117 N. W. 142; Mahon v. Leech, 90 N. W. 810; Eshleman v. Henrietta Vineyard Company, 36 Pac. 775; Requa v. Snow, 76 Cal. 590, 18 Pac. 862; O'Donnell v. Jackson, 69 Cal. 622, 11 Pac. 251; Fowler v. Sutherland, 68 Cal. 414, 9 Pac. 674; Dukes v. Baugh, 91 Ga. 33, 16 S. E. 219; Bauer v. Lunahi Coal Co., 209 Ill. 316; Morse v. Seibold, 147 Ill. 319, 35 N. E. 369; Hedenberg v. Jones, 73 Ill. 149; Hoyt v. Tuxbury, 70 Ill. 33; Mason v. Owens, 56 Ill. 259; Taylor v. Merrill, 55 Ill. 52; Findley v. Koch, 126 Ia. 131, 101 N. W. 766; Henderson v. Beatty, 124 Ia. 163, 99 N. W. 716; Crane v. DeCampt, 21 N. J. Eq. 414; Haughwout v. Murphy, 21 N. J. Eq. 118; Davison v. Jersey Co., 71 N. Y. 333; Delavan v. Duncan, 49 N. Y. 485; Finch v. Parker, 49 N. Y. 1; Brown v. Haianes, 12 Ohio 1; Rennyson v. Rozell, 106 Penn St. 407; Davenport v. Latimer, 53 S. C. 563, 31 S. E. 630; Smith v. Christmas, 7 Yerg. (Tenn.) 565; Roberts v. Braffett, 33 Utah 51, 92 Pac. 789; Shart v. West, 150 Fed. 458; Anderson v. Luther Mining Co., 72 N. W. 820; Bausman v. Kelley, 36 N. W. 326; Barbour v. Mountain Lake Water Co., 13 Cal. 316; Green v. Cobilland, 10 Cal. 317, 70 Am. Dec. 725; Rausch v. Hanson, 26 S. D. 273, 128 N. W. 611; Watters v. Ryan, 31 S. D. 536, 141 N. W. 359; Morrill v. Everson, 77 Cal. 114, 19 Pac. 190; Flood v. Templeton, 148 Cal. 374, 83 Pac. 148; Prince v. Lamb, 128 Cal. 120, 60 Pac. 689; Herzog v. Atchison, Topeka & Santa Fe Railway Co., 95 Pac. 898; Campbell v. Bartlett, 122 S. W. 250, 25 L. R. A. (N. S.) 639; Pratt

v. Carroll, 8 Cranch 471, 3 L. Ed. 627; McCabe v. Matthews, 155 U. S. 550, 39 L. Ed. 256.

Respondent cited: Speer v. Phillis, 24 S. D. 257, 123 N. W. 722; Western Townsite Co. v. Lamro Townsite Co., 31 S. D. 47, 139 N. W. 777; Phills v. Gross, 32 S. D. 438, 143 N. W. 373; Phillis v. Gross, 39 S. D. 143, 164 N. W. 971; Burchfield v. Hageman, 35 S. D. 147, 151 N. W. 47; Jones v. Gainorfi (Ala.), 131 A. S. R. 52; Coffee v. Emigh (Colo.), 25 Pac. 83; Boone v. Templeton, 158 Cal. 290, 110 Pac. 947; Tate v. Pensacola R. R. Co. (Fla.), 53 A. S. R. 251; Ruckman v. Cory, 129 U. S. 387, 32 L. Ed. 780; Harris v. Greenfield (Ky.), 79 S. W. 267, 4 Ann. Cas. 849; Pier v. Lee, 14 S. D. 600, 86 N. W. 642; Brown v. Slee, 103 U. S. 828, 26 L. Ed. 618; Laird v. Smith, 44 N. Y. 618; Hyde v. Hellar (Wash.), 39 Pac. 249.

GATES, J. This is an action to enforce specific performance of a contract for the sale of real estate entered into May 31, 1897, between the seller, Almos Owaykiduta, an Indian, and this plaintiff, the purchaser. This contract was before us in Porter v. Steinmetz, 37 S. D. 488, 159 N. W. 39, where we held that at the time of making said contract there was no valid restriction upon the alienation or incumbrance of the land by the above-named Indian. In that opinion the date on which the deferred payment was to be made by the purchaser erroneously appears as April 29, 1898, while in this appeal such date correctly appears as April 29, 1899, a date subsequent to the death of Owaykiduta.

In this case the trial court found that the facts warranted a decree of specific performance. Respondent was required to pay to appellant the amount of the deferred payment on the contract with interest, and also appellant's tax investment with interest. From the judgment so entered, and from an order denying new trial, defendant Porter appeals. Appellant urges two reasons for reversal: (1) Laches in making the deferred payment and in asserting the right to specific performance; (2) inadequacy of the contract price of the land.

A choronological statement of the facts will be helpful in obtaining the proper perspective:

March 3, 1875: Indian Homestead Act (18 Stat. 420), extending privileges of homestead laws to native-born Indians who have abandoned tribal relations, with provision that the title to

lands acquired shall not be subject to alienation or incumbrance for five years from date of patent.

April 28, 1879: Amos Owaykiduta made homestead entry under said act.

January 18, 1881: Act for relief of Winnebago Indians in Wisconsin (21 Stat. 315), which provides that the title to lands heretofore or hereafter entered by them under Act March 3, 1875, shall not be subject to alienation, incumbrance, or taxation for 20 years from date of patent; and that such provision shall be inserted in each and every patent issued under the provisions "of said act or of this act."

May 20, 1884: Notice that Amos Owaykiduta had filed notice of intention to make final proof and that same would be taken before the judge and ex officio clerk of the probate court of Grant county at Millbank, D. T., on July 11, 1884; posted May 20, 1884, and published for six consecutive weeks in Millbank News Letter; first publication May 23d; last publication June 27, 1884.

July 4, 1884: Act of Congress (23 Stat. 96) providing that all Indians then located on public land might avail themselves of the homestead laws; that all patents therefor should be of the legal effect and declare that the United States holds the lands thus entered for a period of 25 years in trust for said Indian, or in case of his decease, for his widows and heirs, according to the law of the state where land is located, and that at the expiration of said period the United States will convey the same by patent in fee discharged of said trust and free of all charges and incumbrances.

July 11, 1884: Amos Owaykiduta made final proof before the judge and ex officio clerk of the probate court of Grant county, pursuant to notice posted and published.

February 10, 1887; Patent issued to Amos Owaykiduta which erroneously contained the provisions of the act of January 18, 1881 (21 Stat. 315), restraining alienation and taxation for 20 years.

July 20, 1892: Lease from Amos Owaykiduta to Gustav Nelson for 10 years at $12 per year, payable November 1st of each year. Recorded July 20, 1892.

May 31, 1897: Contract of sale involved in this action executed and acknowledged by Amos Owaykiduta and John W. Steinmetz. Recorded June 1, 1897. The purchase price to be paid was $300, of which $235 was paid upon the execution of the contract; the balance of $65 was to be paid April 29, 1899, at the time of the delivery of the deed. By arrangement with lessee Steinmetz went into immediate possession of part of said land, and has continued in possession of a part or all of said land up to this time.

May 15, 1898: Amos Owaykiduta died intestate, leaving him surviving as heirs at law David Amos, a son, Joseph Amos, a son, Elizabeth LaBlanc, a daughter, and Charles Amos, a grandson. Joseph Amos died before the commencement of this action leaving surviving him his widow, Alice Amos, and his daughter, Eunice Amos, now Eunice Pearsall.

July 17, 1899: David Amos and Mary Amos, his wife, and Elizabeth La Blanc conveyed the land to W. E. Vandervoort by warranty deed. Recorded July 20, 1899.

July 18, 1899: Alice Amos conveyed the land by warranty deed to W. E. Vandervoort, recorded July 20, 1899.

August 21, 1899: David Amos filed in the county court of Roberts county (the county of decedent's residence) petition that letters of administration of the estate of Amos Owaykiduta be issued to Howard Babcock, with waiver of persons entitled to letters. Order of appointment made September, 1899 (on insufficient notice), but no letters were issued.

March 20, 1902: Charles Amos conveyed an undivided one-fourth part of the land to George W. Murphy by warranty deed. Recorded March 22, 1902.

April 5, 1902: Eunice W. Pearsall and husband conveyed the land to George W. Murphy by quitclaim deed. Recorded April 7, 1902.

July 12, 1902: Charles Amos conveyed the land to A. M. Knight by warranty deed. Recorded July 14, 1902.

March 27, 1903: Order made by the county court of Roberts county for a new hearing on April 22, 1903, on the original petition of David Amos for issuance of letters of administration to Howard Babcock; and on April 22, 1903, on account of the pen-

dency of proceedings to revoke letters issued to Louis Dakota in Grant county, the hearing was continued to May 23, 1903.

May 29, 1903: Order made by county court of Grant county revoking letters of administration previously issued by that court to Louis Dakota.

July 23, 1903: Charles Amos, Eunice Pearsall, David Amos, and Elizabeth LaBlanc conveyed the land to A. J. Wilcox by warranty deed recorded August 12, 1907.

May 6, 1908: Order of county court of Roberts county for new hearing on May 23, 1908, upon the original petition of David Almos for the issuance of letters of administration to Howard Babcock; and after due notice a new order was made on May 25, 1908, appointing Howard Babcock as administrator of the estate of Amos Owaykiduta, deceased, upon his filing bond and oath of office.

June 27, 1908: Letters of administration of the estate of Amos Owaykiduta, deceased, were issued by county court of Roberts county to Howard Babcock.

July ——, 1908: It was admitted upon the trial that, after the issuance of letters of administration to Howard Babcock, and before the commencement of this action, the plaintiff tendered to such administrator the balance of the purchase price ($65), together with interest up to the date of tender; that said tender was refused by the administrator upon the ground that the contract was defaulted, and that it would be useless to take proceedings in the county court to have a deed executed by him under such contract.

July 20, 1908: This action was commenced against all defendants except Clement F. Porter. The summons was issued July 20, 1908. It was served on defendant, A. J. Wilcox, on July 30, 1908, by the sheriff of Bon Homme county.

March 13, 1909: Suit in equity brought in circuit court of the United States against John W. Steinmetz and all of the defendants in this action (except Clement F. Porter) to have the contract involved in this action and all conveyances by the heirs avoided upon the ground that such instruments were made in violation of the statutes of the United States.

April 25, 1909: The Commissioner of the General Land

Office undertook to cancel the patent issued February 10, 1887, and on August 23, 1909, issued a trust patent under the act of July 4, 1884 (23 Stat. 96).

April 20, 1909: W. E. Vandervoort and wife conveyed the land to C. F. Porter by quitclaim deed. Recorded July 31, 1913.

May 1, 1912: The United States issued a second patent to the heirs of Amos Owaykiduta without naming them, reciting that it was issued by order of the Secretary of the Interior in lieu of one on which the trust period had expired.

May 21, 1912: Charles Amos conveyed the land to Clement F. Porter by warranty deed. Recorded May 21, 1912.

May 21, 1912: David Amos, Elizabeth LaBlanc, Alice Amos Rogers, and Eunice Amos Pearsall conveyed said land by warranty deed to Clement F. Porter. Recorded May 21, 1912.

July 23, 1912: C. F. Porter, by Thos. L. Bouck, his attorney, commenced action against John W. Steinmetz to determine his adverse claim, and filed notice of pendency of action. In said action Steinmetz set up his claim under the contract involved in this action. (This is the action in which this court rendered the opinion above referred to in 37 S. D. 488, 159 N. W. 39.)

August 29, 1916: Decision of this court in the case of Porter v. Steinmetz to quiet title, holding that at the time of the execution of the contract involved in this action Owaykiduta held title in fee without any limitation on the power of alienation. In the spring of 1916, after the decision of the Hemmer Case by the Supreme Court of the United States, the United States voluntarily dismissed the suit in equity which it had brought against John W. Steinmetz and others on March 13, 1909.

December 12, 1917: Order made herein bringing in C. F. Porter as a party defendant upon the amendment of the summons and an amended and supplemental complaint. It had been stipulated in the case of Porter v. Steinmetz that the case should not be retried in the circuit court until after the decision of this action. This action was brought on for trial in September, 1919, and judgment was entered in October, 1920.

In view of the death of Amos Owaykiduta before the time the deferred payment became due, and the delay in the appointment of an administrator for his estate, and the attitude of the

federal government towards this contract, and the view of the federal land officials as to the term of the restriction against alienation by Owaykiduta (mistaken though they were afterwards found to be), we cannot say that the trial court erred in determining that respondent was not guilty of laches in making or tendering the deferred payment on the contract nor in beginning his action for specific performance, nor in bringing said action on for trial. Nor do we think that the clear preponderance of the testimony showed that the contract price for the purchase of the land was inadequate. It was land of inferior quality. It was subject to a 10-year lease, only half expired. While there was a sharp conflict in the evidence as to value, the trial court was justified in believing that the witnesses stating the lower value were more competent to testify thereto than were those stating the higher value.

Finding no error in the record prejudicial to appellant, the judgment and order appealed from are affirmed.

ANDERSON, J., not sitting.

Note—Reported in 192 N. W. 181. See American Key-Numbered Digest, (1) Specific Performance, Key-No. 105(3), 36 Cyc. 729-730.