**Coral V. FUNDERBERG, Appellant,**

v.

**Stewart L. UDALL, Secretary of the Intèrior, et al., Appellees.**

**No. 21884.**

United States Court of Appeals
Ninth Circuit.

June 11, 1968.

C. John Bernt (argued) of Bagley, Bernt, Bianchi & Sheeks, San Rafael, Cal., for appellant.

Richard J. Dauber, Sp. Asst. to U. S. Atty., John P. Hyland, U. S. Atty., James R. Akers, Asst. U. S. Atty., Los Angeles, Cal., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, S. Billingsley Hill, Edmund B. Clark, Frank B. Friedman, Attorneys, Department of Justice, Washington, D. C., for appellees.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and CARTER, Circuit Judges.

MADDEN, Judge:

The appellant, hereinafter designated as the plaintiff, filed in the United States District Court an application for a mandatory injunction ordering the Secretary of the Interior or his authorized assistants to recognize as valid and act upon an application by the plaintiff requesting that the Secretary grant to the plaintiff a title or appropriate leasehold interest in a site on which the plaintiff had a residential cabin on land covered by an unpatented mining claim. The Secretary refused to make the requested grant or lease; the plaintiff sought in the district court the mandatory injunction referred to above; the district court refused to grant the injunction; and the plaintiff has appealed from that judgment to this court.

The Act of July 23, 1955, 30 U.S.C. §§ 601–615 is said, in a 1962 committee report, S. Rep. No. 1984, 87th Cong., 2d Sess. (1962), p. 3, to:

> prohibit (a) all uses not reasonably incident to prospecting, mining, or processing operations on unpatented claims located after July 23, 1955. Moreover, it authorizes procedures under which prior locators, or their successors in interest, may be required to prove the validity of their claims or be subject to the same prohibitions. This law has resulted in an intensified program to eliminate uses of mining claims inconsistent with mining purposes.

In 108 Cong.Rec. 19646–19647 (1962), it is said that some of such unauthorized uses of unpatented mining claims were permanent residences, summer homes, townsites, orchards, commercial enterprises, farms, a house of ill repute, a nudist colony, restaurants, a rock museum, a real estate office, hunting and fishing lodges.

The "crack-down" upon unauthorized uses of unpatented mining claims, which the 1955 statute called for, presented a problem to the Forest Service and the Bureau of Land Management, which were the agencies responsible for the enforcement of the statute. S. Rep. No. 1984 (1962) supra, p. 4, says of this problem:

> * * * there can be found throughout the West, hundreds of unpatented mining claims, valuable chiefly for the fact that they have been used, sometimes for generations, as actual homesites and as a principal place of residence, by families which have inherited them from the original locators, or paid value for the improvements, in reliance upon the customs prevailing in the area that effective title could be obtained by gift, inheritance, or quitclaim deed.

Because Congress sympathized with the plight, described above, of people who actually resided on unpatented claims, it passed the Act of October 23, 1962, 30 U.S.C. §§ 701 et seq. Sections 701 and 702 of that Act provide:

> § 701. The Secretary of the Interior may convey to any occupant of an unpatented mining claim which is determined by the Secretary to be invalid an interest, up to and including a fee simple, in and to an area within the claim of not more than (a) five acres or (b) the acreage actually occupied by him, whichever is less. The Secretary may make a like conveyance to any occupant of an unpatented mining claim who, after notice from a qualified officer of the United States that the claim is believed to be invalid, relinquishes to the United States all rights in and to such claim which he may have under the mining laws. Any conveyance authorized by this section, however, shall be made only to a qualified applicant, as that term is defined in section 702 of this title, who applies therefor within five years from October 23, 1962, and upon payment of an amount established in accordance with section 705 of this title.

> § 702. For the purposes of this chapter a qualified applicant is a residential occupant-owner, as of October 23, 1962, of valuable improvements in an unpatented mining claim which

constitute for him a principal place of residence and which he and his predecessors in interest were in possession of for not less than seven years prior to July 23, 1962.

The plaintiff was a resident on an unpatented mining claim from 1933 to 1958. From 1958 through 1963 he spent no more than one month of each year on the claim and not more than ten days per year during 1964 and 1965. The reasons for his spending so little time on the claim were his advancing years, business pressure, and a heart attack. During the years from 1958 to the present time he has lived in his house trailer, which has been placed in Pittsburg, Ignacio and Santa Clara, all in California. He has continued to regard his mining claims as his home and "as the place to which he would return as long as he might live."

On October 22, 1964, the Department of the Interior notified the plaintiff that his mining claims "were believed to be invalid." On December 21, 1964, the plaintiff filed an application under the Act of October 23, 1962, the pertinent sections of which are quoted supra, requesting conveyance to him of an interest in that portion of his mining claim, not to exceed five acres, on which he had constructed improvements.

On June 14, 1966, the Secretary rejected the plaintiff's application on the ground that the mining claim had not, since 1958, been a principal place of residence of the plaintiff, as required by the Act of October 23, 1962. The plaintiff then brought his suit in the United States District Court. Motions for summary judgment were filed by both parties. The court, on February 17, 1967, granted the Secretary's motion. The court said:

A review of the record indicates that the decision of the Secretary of the Interior that the cabin located upon the property in question was not a principal place of residence of plaintiff within the meaning of the Act of October 23, 1962, and that plaintiff was, therefore, not entitled to relief under this Act, was not arbitrary or capricious or erroneous as a matter of law, and, therefore, should not be disturbed.

■ We agree with the district court. The statute, Act of October 23, 1962, supra, says in § 701 that the Secretary may convey only to a qualified applicant, and in § 702 it defines a qualified applicant as a residential occupant owner, as of October 23, 1962, of valuable improvements which constitute for him a principal place of residence. The plaintiff's cabin on his mining claim, in which he had not, in fact, resided for more than a month in each year before the date set in the statute, was not a principal place of residence. The Hearings S. Committee on Interior and Insular Affairs, S. 3451, 87th Cong., 2d Sess. (1962), pp. 11–12, U.S. Code Congressional and Administrative News 1962, p. 1326, show that the Act of October 23, 1962, was a statute to relieve the hardship which would be visited upon persons who were living on their unpatented claims, but would be evicted under the 1955 statute, supra, and would "have no place to go" if the relief proposed in the 1962 bill was not granted. The plaintiff's situation did not fall within either the letter or the purpose of the 1962 statute.

■ Even if the plaintiff's situation were less plainly outside the reach of the statute, the district court's conclusion that the Secretary's decision, not being arbitrary or capricious or erroneous as a matter of law, should not be disturbed would be correct. The Act of October 23, 1962, lodged with the Secretary the authority to grant relief, but only to qualified applicants. The Secretary, in order to put the statute into effect, was obliged to interpret it. That interpretation, as the district court said, should not be disturbed.

We find no merit in the plaintiff's claim that the Secretary shirked his statutory duty because he did not first assume jurisdiction of the claim, then exercise the discretion lodged in him by the word "may" in Section 701 of the

Act of October 23, 1962, and decide that the plaintiff should be given a deed, a long leasehold interest, a short leasehold interest, or no interest at all. The plaintiff would thus place the case within the area in which courts, though unwilling to issue a mandate to an officer which mandates would usurp the discretion lodged in the officer, will direct the officer to take jurisdiction, put his mind on the problem, and exercise his discretion. We think the Secretary in the instant case was right in reading Section 702, which indeed is expressly referred to in Section 701, and discovering that he had no authority to act upon an application made under Section 701, unless the applicant was a qualified applicant as defined in Section 702.

The judgment is affirmed.