**SHINY ROCK MINING CORPORATION,**
**Plaintiff,**

**v.**

**The UNITED STATES of America; the United States Department of the Interior; William Clark, Secretary of the Interior; the Bureau of Land Management; Robert F. Burford, Director of the Bureau of Land Management; and Harold A. Berends, Chief, Branch of Lands and Mineral Operations, Bureau of Land Management, Oregon State Office, Defendants.**

Civ. No. 84–643.

United States District Court, D. Oregon.

Jan. 10, 1986.

Oglesby H. Young, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, Or., M. Craig Haase, Haase, Harris & Morrison, Reno, Nev., for plaintiff.

Charles H. Turner, U.S. Atty., D. Oregon, Thomas C. Lee, Asst. U.S. Atty., Portland, Or., for defendants.

## ORDER

REDDEN, District Judge:

Magistrate Dale filed his Findings and Recommendation on December 24, 1985. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the record *de novo* review. *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1206 (8th Cir.1983). *See also Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.1983). I find no error. Accordingly, I ADOPT the Findings and Recommendation that defendants' motion for summary judgment # 27 should be granted and plaintiff's motion for partial summary judgment and remand # 30 should be denied.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

### Dec. 24, 1985

WILLIAM M. DALE, United States Magistrate.

### INTRODUCTION

This is an action for judicial review of a decision of the Department of Interior Board of Land Appeals (IBLA) that declared null and void *ab initio* a portion of plaintiff's mining claim (the Mandalay claim) on the basis that a public order, as amended, had withdrawn land over which plaintiff asserted his claim from public domain. In reaching its decision, the IBLA relied upon the "notation rule," which entails notation of the withdrawal of the land in the Bureau of Land Management Records. In so doing, the IBLA found it unnecessary to reach plaintiff's contentions

made both at the administrative level and in this court that the public land order (PLO 3502) was not valid due to alleged procedural due process defects in its promulgation, and thus the notation on the BLM's records was invalid. Plaintiff argues that the alleged invalidity of the Public Land Order and subsequent notation render plaintiff's claim valid. He seeks an order declaring the notation rule as applied here unconstitutional as violative of his rights to due process, an order remanding the dispute to the IBLA for determination of his claim on the merits without the application of the notation rule, and an injunction enjoining defendants from using the notation rule in this matter.

Defendants have moved for summary judgment. Plaintiff has opposed defendants' motion, and moved for partial summary judgment and remand.

FACTS

 Public Land Order 3502, effective December 8, 1964, withdrew certain lands located in Oregon from appropriation under the United States mining laws. The withdrawal was made subject to existing mining rights. The withdrawal is still in effect. At the time of the initial withdrawal, the BLM noted the withdrawal in its official records. The notation reflected the segregation of the land to a particular use which was exclusive of other conflicting uses. No incompatible rights in that land as withdrawn could then attach by reason of subsequent application or entry until the records were changed to reflect that the land was no longer segregated. This is the "notation rule" challenged by plaintiff. The rule applies even if it is ultimately determined the withdrawal was in error or the segregation void. The notation remains in effect, and continues to hold the land segregated until the notation is removed from the BLM's official records. *See* 43 C.F.R. § 295.11, § 295.13(c) (1957).

Plaintiff did not locate the Mandalay claim, the subject of this suit, until July 17, 1979, when BLM records indicated the land containing the claim was withdrawn. According to Departmental records, the lands were not open to the location of plaintiff's claim at that time because the notation of withdrawal was still in effect.

A decision of the Oregon State Office of the BLM dated January 20, 1983, declared the Mandalay claim null and void, *ab initio*, as to the portion of the claim in the withdrawn area. This decision was affirmed on appeal by decision of the IBLA on August 15, 1983. The IBLA, as previously discussed, reached its decision solely on the basis that the notation rule, as applied to the withdrawal, rendered the lands in question unavailable for location at the time the Mandalay claim was located, and BLM records were noted to reflect this withdrawal. Therefore, the IBLA found it unnecessary to consider plaintiff's contention that PLO 3502 was improperly promulgated. The IBLA did state in its decision, however, that even if PLO 3502 were ultimately determined void or voidable for procedural defects, this would not affect the notation on the BLM status records. The land would still be unavailable unless the *notation* were withdrawn.

Plaintiff then filed this suit seeking review of the IBLA decision. Plaintiff alleges that the IBLA did not consider the substance of plaintiff's complaint, that is, that PLO 3502 was invalid and void *ab initio*, because the IBLA based its decision on the effect of the notation rule. Under these circumstances, plaintiff argues, it was effectively foreclosed from obtaining a review of the withdrawal, and denied a valuable property right granted by the Mining Act of 1872.

STANDARD OF REVIEW

 The IBLA decision is binding upon this court if it is supported by substantial evidence, *Henrikson v. Udall*, 350 F.2d 949, 959 (9th Cir.1965), *cert. denied* 384 U.S. 940, 86 S.Ct. 1457, 16 L.Ed.2d 538 (1966), and if the correct standard of law was applied. *See Funderberg v. Udall*, 396 F.2d 638, 640 (9th Cir.1968). The court's review is confined to the agency record or such portions of it cited by the parties, and additional evidence is not to be admitted. *Roberts v. Morton*, 549 F.2d

158, 162 (10th Cir.1976), *cert. denied sub nom., Roberts v. Andrus,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977); *Nickol v. United States,* 501 F.2d 1389, 1390 (10th Cir.1974); *United States v. Smith Christian Mining Enterprises, Inc.,* 537 F.Supp. 57, 60 (D.Or.1981) (Redden, J.). The court may not reweigh the evidence or substitute its judgment for that of an administrative agency. *Rawls v. United States,* 566 F.2d 1373, 1376 (9th Cir.1978); *Baker v. United States,* 613 F.2d 224, 226 (9th Cir.), *cert. denied sub nom. Andrus v. Baker,* 449 U.S. 932, 101 S.Ct. 332, 66 L.Ed.2d 157 (1980).

■ Rule 56 Fed.R.Civ.P. provides that summary judgment shall be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Clipper Exxpress v. Rocky Mountain Motor Tariff,* 690 F.2d 1240, 1250 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983).

## DISCUSSION

■ The only issue before this court is whether the notation rule as applied by the BLM violated plaintiff's right to due process because it prevented plaintiff from obtaining an agency review of the validity of the proposed withdrawal of lands, PLO 3502. I find the notation rule as applied does not offend plaintiff's right to due process, and recommend that defendant's motion for summary judgment be granted, and plaintiff's motions for partial summary judgment and remand be denied.

In support of its argument that the notation rule violates its right to due process, plaintiff relies upon cases delineating discoverers' rights to claims as against later entries upon land under early federal mining law. These cases granted the initial claimant's rights to a claim as against all subsequent entries upon the land as long as the discoverer diligently pursued discovery of or continued to mine a mineral, oil or gas lode because of government poli-

cy at that time of providing incentives for mineral exploration and discovery. *See generally, Union Oil Co. v. Smith,* 249 U.S. 337, 347–48, 39 S.Ct. 308, 310, 63 L.Ed. 635 (1919); *Cole v. Ralph,* 252 U.S. 286, 294, 40 S.Ct. 321, 325, 64 L.Ed. 567 (1920). These cases are inapposite to a determination of whether or not an action of a federal agency under its own regulations violates due process.

The notation rule segregating land from further entry after an initial claim or entry had been made was first used as a method of preserving valid homestead entries. *Hastings & Dakota Railroad Co. v. Whitney,* 132 U.S. 357, 361, 10 S.Ct. 112, 114, 33 L.Ed. 363 (1889); *McMichael v. Murphy,* 197 U.S. 304, 312, 25 S.Ct. 460, 462, 49 L.Ed. 766 (1905); *Bunker Hill Co. v. United States,* 226 U.S. 548, 550, 33 S.Ct. 138, 139, 57 L.Ed. 345 (1913); *Hodges v. Colcord,* 193 U.S. 192, 194–96, 24 S.Ct. 433, 434, 48 L.Ed. 677 (1904).

The law originating from these early homestead cases and subsequently followed in contemporary land withdrawal actions is that a *prima facie* valid entry on land removed that land, temporarily at least, out of the public domain, and beyond the reach of others seeking to make similar claims. *McMichael v. Murphy, supra,* 197 U.S. at 312, 25 S.Ct. at 462; *Hodges v. Colcord, supra,* 193 U.S. at 194–95, 24 S.Ct. at 434; *United States v. Central Illinois Public Service Co.,* 365 F.2d 121, 122 (7th Cir.1966) *cert. denied* 386 U.S. 908, 87 S.Ct. 854, 17 L.Ed.2d 782 (1967). It is well established it makes no difference whether the original entry is ultimately determined to be void. As long as the entry, or in this instance, withdrawal, was prima facie valid and remains uncancelled, the land is not subject to further entry. *Bunker Hill Co. v. United States, supra,* 226 U.S. at 550, 33 S.Ct. at 139; *Hodges v. Colcord, supra; McMichael v. Murphy, supra.*

The notation rule as originally upheld in early homestead cases has been uniformly followed and applied by the Department of the Interior since shortly after the enact-

ment of the Mineral Leasing Act in 1920. As applied, the rule is that when BLM records have been noted to reflect use of land exclusive of another conflicting use, no rights of entry incompatible with the noted use may attach through subsequent entry, application or use until the records have been changed to show that the land is once again available for use, and the notation removed from the records. This rule has been consistently upheld in agency decisions since 1922. *See Martin Judge,* 49 I.D. 171, 172 (1922); *Joyce A. Cabot,* 63 I.D. 122, 122–123 (1956); *R.B. Whitaker,* 63 I.D. 124, 126–128 (1956); *Albert C. Massa,* 63 I.D. 279, 286 (1956). There is no evidence from the record before this court to indicate the rule was incorrectly applied according to the agency's own regulations. *United States v. Smith Christian Mining Enterprises,* 537 F.Supp. 57, 60 (D.Or. 1981).

██ Even though plaintiff did not determine the exact location of the Mandalay claim until 1979, plaintiff was on notice (1) either at the time the land was withdrawn through notice of the proposed withdrawal in the Federal Register and the automatic segregation of the land through application of the notation rule, or (2) if plaintiff purchased the land containing the Mandalay claim subsequent to the withdrawal, plaintiff should have been on notice of the effect of the withdrawal on the land at the time of purchase. Plaintiff is deemed to have at least constructive notice of matters affecting the title to its property at the time of purchase. Plaintiff's right to due process has not been violated because it did not challenge the validity of the withdrawal at the proper time. The notation rule as applied which segregates the land containing the Mandalay claim from incompatible use during the period of a BLM withdrawal, whether the withdrawal was ultimately valid or not, did not prevent plaintiff from exercising a valid property right. The decision of the IBLA is supported by substantial evidence and should be affirmed.

CONCLUSION

Defendant's motion for summary judgment # 27 should be granted. Plaintiff's motion for partial summary judgment and remand # 30 should be denied.